```
LEONARD PEÑA (State Bar No. 192898)
PEÑA & SOMA, APC
lpena@penalaw.com
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Defendant
Philip Jaurigui
```

FILED & ENTERED

MAR 18 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:16-bk-24758 RK |
| SWING HOUSE REHEARSAL AND RECORDING, INC., | Chapter 11 |
| Debtor. | Jointly Administered with |
| In re | Case No.: 2:16-bk-24760 RK |
| PHILIP JOSEPH JAURIGUI, | |
| Debtor. | |
| JONATHAN MOVER, | Adv. No. 2:18-ap-01351 RK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| v. | |
| PHILIP JOSEPH JAURIGUI, | |
| Defendant. | |
| SWING HOUSE REHEARSAL AND RECORDING, INC., | Adv. No.: 2-18-ap-01352 RK |
| | DATE: March 15, 2022 |
| | TIME: 2:30 p.m. |
| Plaintiff, | CTRM: 1675 |
| v. | PLACE: 255 E. Temple Street |
| | Los Angeles, CA 90012 |
| PHILIP JOSEPH JAURIGUI, | |
| Defendant. | |

Plaintiff's *Motion For Leave To File First Amended Complaint* ("Motion") came before the Court on March 15, 2022, appearances are noted on the Court record, all interested parties having been duly served, the Court having considered all of the papers submitted, along with any arguments of counsel, for the reasons stated on the record at the hearing on the Motion and in the court's tentative ruling on the Motion posted online on the court's website before the hearing (copy attached hereto), and for good cause shown; it is:

ORDERED that the Motion is denied.

###

Date: March 18, 2022

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – COURT'S TENTATIVE RULING

Updated tentative ruling as of 3/15/22:

Deny Plaintiff Jonathan Mover's Motion for Leave to File First Amended Complaint to Conform to Proof.  Mover seeks to amend his complaint in Adversary No. 2:18-ap-01351-RK post-trial, over three years after he filed the original complaint, to amend the complaint to add a claim under 11 U.S.C. § 727(a)(7) against Defendant Philip Jaurigui, pursuant to Fed. R. Civ. P. 15(b)(2) (Civil Rule).  Although Civil Rule 16 ordinarily binds parties to the terms of the pretrial order and may be modified at trial only to prevent a manifest injustice, most courts have held that Civil Rule 16 must be read in consideration of Civil Rule 15(b).  See Wright and Miller, Federal Practice and Procedure) § 1491.

Generally, leave to amend is within the discretion of the court.  *Swanson v. U.S. Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996).  Factors to consider in allowing an amendment include: (1) bad faith or dilatory motive on the part of the movant, (2) undue delay, (3) undue prejudice to the opposing party by virtue of allowing the amendment, and (4) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Prejudice to the opposing party is the most important factor."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  On this record, amending the complaint to add the 11 U.S.C. § 727(a)(7) would be unduly prejudicial to defendant because it appears that Plaintiff Mover was aware of the facts that would support his unpleaded claim under 11 U.S.C. § 727(a)(7) before or during trial, the court completed the trial without him requesting to amend the complaint during trial, and Defendant Jaurigui had no opportunity to defend against the unpleaded claim.  *See Carter v. National R.P. Passenger Corp.,* 413 F.Supp.2d 495, 501 (E.D. Pa. 2005).

The rule governing amendment of pleadings to conform to the evidence is Civil Rule 15(b)(2), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7015 (Bankruptcy Rule), which provides: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."  The plain language of Civil Rule 15(b)(2) specifically refers to an unpleaded issue being tried by express or implied consent, and thus consent is a requirement under Civil Rule 15(b)(2) trial of an unpleaded issue.  See Prieto v. Paul Revere Life Insurance Co., 354 F.3d 1005, 1012 (9th Cir. 2004).   There is no evidence showing that defendant consented to trying the unpleaded issues raised by a 11 U.S.C. § 727(a)(7) claim, either expressly or impliedly, as argued by Defendant Jaurigui in his written opposition.

Plaintiff Mover does not argue that Defendant Jaurigui consented to trying the unpleaded claim under 11 U.S.C. § 727(a)(7).  Rather, Plaintiff Mover argues that "consent is not a factor because Section 727(a)(7) [by] its very nature is inclusive of the claims already plead and litigated."  Motion at 6.  Plaintiff Mover does not cite any

authority to support this argument. The Ninth Circuit case cited by the court above, Prieto v. Paul Revere Life Insurance Co., 354 F.3d at 1012, is contrary to Plaintiff Mover's argument.

Instead, Plaintiff Mover apparently relies upon a Seventh Circuit decision in *Matter of Krehl*, 86 F.3d 737 (7th Cir. 1996) for the proposition that it allowed the addition of a 11 U.S.C. § 727(a)(7) claim without consideration of the defendant's consent. Plaintiff Mover misreads *Krehl* because the added claim was under 11 U.S.C. §727(a)(3) rather than 11 U.S.C. §727(a)(7) and the Seventh Circuit held that it did not have to consider the consent issue for the added claim because debtor's discharge was already being denied under other provisions of 11 U.S.C. § 727. Because the Seventh Circuit did not decide whether consent was needed to add another claim under Civil Rule 15(b)(2) and did not specifically address the addition of a 11 U.S.C. § 727(a)(7) claim, the court does not find that *Krehl* is instructive here.

"'Implied consent is not established merely because one party introduced evidence relevant to an unpleaded issue and the opposing party failed to object to its introduction. It must appear that the parties understood the evidence to be aimed at the unpleaded issue.'" *Kehoe Component Sales Inc. v. Best Lighting Products, Inc.,* 796 F.3d 576, 595 (6th Cir. 2015) (citation omitted). "Otherwise, the court runs the risk of violating the defendant's procedural due process rights by imposing judgment upon a claim against which the defendant did not know he had to defend himself." *Id*. "To establish implied consent, the [plaintiff] must demonstrate that [the defendant] understood evidence had been introduced to prove [the new issue], and that [the new issue] had been directly addressed, not merely inferentially raised by incidental evidence." In re Acequia, Inc., 34 F.3d 800, 814 (9th Cir. 1994) (citation omitted). Plaintiff Mover has failed to make this showing in his moving and reply papers as to his proposed 11 U.S.C. § 727(a)(7) claim.

Appearances are required on 3/15/22, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions.